Richard C. KREISNER, William Kreisner, and Bantam Industries, Inc., Plaintiffs,

v.

HILTON HOTEL CORPORATION, Defendant.

No. 78 C 1471.

United States District Court, E. D. New York.

March 5, 1979.

Arthur J. Kremer, Long Beach, N. Y., for plaintiffs.

Trubin Sillcocks Edelman & Knapp, New York City, for defendant, by Marvin V. Ausubel, and William C. Viets, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action, based on diversity of citizenship,[1] arises out of an incident which occurred on or about February 16, 1978, at defendant's Dallas Hilton Hotel in Dallas, Texas. According to the allegations of the complaint, plaintiffs Richard Kreisner and his father, William, were registered guests at the hotel when, at approximately 1:00 o'clock a. m., Richard returned to the hotel for the evening. Upon entering the lobby, he was approached by an employee of defendant, identified as Robert Scott, who stopped him and demanded that he show his room key. Apparently, an argument ensued which led to allegations that Robert Scott grabbed plaintiff, choked him, and slammed him into a wall causing injuries to plaintiff. Plaintiff was subsequently arrested by police officers of the City of Dallas, taken to the City jail but thereafter transferred to a hospital for treatment of his injuries. This action for personal injuries caused by the alleged assault followed and is now before the court on defendant's motion for an order dismissing the action on the ground of *forum non conveniens* or, in the alternative, for an order transferring the action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). For the following reasons, defendant's alternative motion to transfer the case is granted.

■ This case is not an appropriate one for dismissal under the doctrine of *forum non conveniens*. See *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Since it is apparently conceded, however, that this action "might have been brought" in the Northern District of Texas within the meaning of 28

U.S.C. § 1404(a), *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), our inquiry will be limited to determining whether the defendant has met its burden of clearly showing that litigation in the proposed transferee district would be more convenient and would better serve the interests of justice. See *First National City Bank v. Nanz, Inc.,* 437 F.Supp. 184, 188 (S.D.N.Y.1975); *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967).

In exercising its discretion on a motion to change venue, a court must weigh the following criteria: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general. See, *e. g., Car Freshner Corp. v. Auto Aid Mfg. Corp.,* 438 F.Supp. 82, 85 (N.D.N.Y.1977); *Scheinbart v. Certain-Teed Products Corp.,* 367 F.Supp. 707 (S.D.N.Y.1973).

■ Although plaintiff's choice of forum is generally entitled to great weight in assessing the balance, there is a factor in this case which undermines plaintiffs' choice. Since the operative facts underlying the alleged cause of action have no material connection whatsoever with this forum, plaintiffs' choice of forum is a less weighty consideration. *Credit Alliance Corp. v. Nationwide Mutual Insurance Co.,* 433 F.Supp. 688 (S.D.N.Y.1977); *Foster v. Litton Industries, Inc.,* 431 F.Supp. 86, 87 (S.D.N.Y. 1977); *Leinberger v. Webster,* 66 F.R.D. 28, 34 (E.D.N.Y.1975). There is no genuine dispute that the operative facts of this action occurred at the Dallas Hilton, although plaintiffs implicitly urge the court to consider the subsequent medical treatment provided in New York as the substance of the claim. This the court cannot accept and therefore, in view of the other considerations favoring a Texas forum, transfer is appropriate.

---

1. Plaintiffs allege they are New York citizens and that defendant is a Delaware corporation having its "main office in Beverly Hills, California."

As a preliminary matter, the court notes that neither plaintiffs nor defendant have supported this motion by affidavits of the parties or their prospective witnesses, outlining on personal knowledge the material nature of their expected testimony. See *Car-Freshner Corp. v. Auto Aid Mfg. Corp., supra* at 85. Rather, attorney's affidavits have been submitted, in defendant's case outlining the nature of the expected testimony. Plaintiffs' affidavit is clearly deficient in this respect; it merely represents that certain eyewitnesses have been located, most of whom reside outside both Texas and New York. Thus, the court is left to speculate as to the materiality of their testimony. In this situation, the court credits the representations made in the respective affidavits but is unable to ascribe controlling significance to the convenience of the non-party witnesses under the circumstances.

It is apparent that the only material party witness is Richard C. Kreisner. Plaintiffs do not contend, however, that they would be inconvenienced by litigation of this action in Texas either because of business commitments or financial hardship. They do contend that their material witnesses would be inconvenienced by a transfer. In fact, they claim that none would be willing to testify in Texas, although all would appear at trial in New York.

Of these material witnesses, however, only one resides in New York. The other two reside in California and Kentucky. Two New York physicians are also listed as material medical witnesses. Defendant, on the other hand, suggests that it intends to call approximately thirteen witnesses, all of whom reside in the Dallas, Texas area. Four proposed witnesses actually saw the incident and will testify as to the occurrence and as to the condition of the plaintiff when he left the hotel in the custody of the police. Defendant also proposes calling four Dallas police officers to testify to plaintiff's physical condition at various times over the course of his police custody. Three physicians and medical personnel will be called to testify to plaintiff's condition upon admission to the hospital in Dallas.

While, as noted above, the deficiency of the affidavits makes consideration of non-party witnesses' convenience somewhat speculative and thus not controlling, it must be noted that on balance defendant has the better of the argument. Although some of the proposed witnesses are under defendant's "control," this consideration bears not on their convenience but upon their amenability to process issuing out of the alternative forums. Here, defendant has shown that a preponderance of the material witnesses reside in the Dallas area and that, if anything, there might be a slight shifting of burdens: either side might be inconvenienced to a certain extent by trial away from its home. Thus, the convenience to witnesses is not a dispositive factor, and plaintiffs should not be greatly prejudiced should they in fact rely to an extent upon deposition testimony. See *Y⁴ Design, Ltd. v. Regensteiner Pub. Enterprises,* 428 F.Supp. 1067, 1069 (S.D.N.Y.1977). Since defendant's fact witnesses greatly outnumber plaintiffs' and will provide the substance of its defense, plaintiffs' reliance on the testimony of their expert medical witnesses to sustain the balance in their favor is misplaced. See *Schlusselberg v. Werly,* 274 F.Supp. 758, 764 (S.D.N.Y.1967); *Leinberger v. Webster, supra* at 35.

From the discussion above it is obvious that since unwilling witnesses are not subject to process issuing out of this district, defendant's need for a transfer is the more urgent. Clearly its defense to this action is that any injuries sustained by plaintiff Richard Kreisner occurred while he was in police custody. Thus, all those in a position to testify as to plaintiff's condition throughout the evening and who could account for the nature of plaintiff's injuries, namely the police officers and the medical personnel, would be outside the subpoena power of this court. Of plaintiffs' proposed witnesses only one is within the subpoena power of this court; the others would presumably testify in this court voluntarily. Under these circumstances, the risk of depriving defendant of its defense is palpable. Further, the cost of obtaining the presence of

the witnesses defendant intends to call far exceeds that which will be borne by plaintiffs.

█ The existence of various hospital and police records in Dallas also militates toward transfer; the relative ease of access to sources of documentary proof most certainly favors a Texas forum. Yet, the consideration of paramount importance in our determination is the probability that a decision to permit litigation to proceed in this district will result in duplicative and piecemeal litigation of the merits of this action. Defendant asserts that it intends to implead the City of Dallas and the Dallas Police Department on a theory of contribution or indemnification. Plaintiffs, moreover, suggest in their complaint by reservation of rights against other parties an intention to proceed against the City and the Police Department. In both instances, the actions would of necessity be brought in a Texas forum. Although the court is aware that joint tortfeasors need not be joined in a single action, plaintiffs' litigation strategy must yield where considerations of unnecessary expense and judicial economy are implicated. Since all the parties may be joined in one action in the Northern District of Texas and all the claims and defenses may be raised and decided by the same court, the interests of justice are best served by transfer to that forum. See *Leinberger* and *Webster, supra*, at 35.

██ Finally, it appears that the applicable law governing this action is that of Texas. While there may not be novel or complex issues of State law to be resolved, construction of State law is best left to courts most familiar with it. See *Vaughn v. American Basketball Ass'n,* 419 F.Supp. 1274, 1278 (S.D.N.Y.1977); *Credit Alliance Corp. v. Nationwide Mutual Insurance Co., supra.* In this regard, defendant has already raised the legal sufficiency of plaintiff Bantam Industries, Inc.'s claim for damages arising from an alleged assault upon one of its officers. Thus, resolution of the issue will in all likelihood be made by reference to State law, which again favors resolution by a Texas court.

Accordingly, since defendant has clearly met its burden, its motion to transfer this action to the United States District Court for the Northern District of Texas is granted.

SO ORDERED.