John T. CAIN and Michael J.
Fahy, Plaintiffs,

v.

NEW YORK STATE BOARD OF ELECTIONS, George T. Salerno, R. Wells Stout, Donald A. Rettaliata and Thomas J. Sullivan, Commissioners and Denis Dillon, District Attorney of Nassau County, Defendants.

No. CV 85–1924.

United States District Court,
E.D. New York.

March 5, 1986.

Edward G. McCabe, Nassau County Atty. by Howard Y. Taylor, Mineola, N.Y., for defendant Dillon.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs John T. Cain ("Cain") and Michael J. Fahy ("Fahy") bring this action against the New York State Board of Elections and its Commissioners ("Board"), and Denis Dillon, District Attorney of Nassau County ("Dillon"), asserting wrongdoing in the administration and application of state election laws. Specifically, plaintiffs allege that defendants have engaged in a pattern or practice of unconstitutionally preventing insurgent candidates in New York's major political parties from challenging incumbents by, among other methods, the selective prosecution of insurgent candidates under the Election and Penal Laws of New York. Plaintiffs seek legal and equitable relief for themselves and for all other persons similarly situated. Federal subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

The Board moves the Court for an order dismissing the action for improper venue or, in the alternative, transferring the action to the United States District Court for the Northern District of New York. Dillon cross-moves for dismissal of all claims against him on the ground that prosecutors are absolutely immune from civil suits such as plaintiffs seek to bring.[1] Dillon further requests that if the Court denies his motion and determines that a change of venue is proper, the action against him be severed and allowed to remain in the Eastern District of New York.

For the reasons set forth below, the Court dismisses the action against Dillon insofar as damages are sought, severs the surviving claims for equitable relief against Dillon from the claims against the Board, and orders that plaintiffs' action

A. Lawrence Washburn Jr., New York City, for plaintiffs.

Stanley L. Zalen, Albany, N.Y., for defendant Board of Elections.

---

**1.** Dillon has framed his motion as one for summary judgment under Fed.R.Civ.P. 56. However, Dillon's motion, which argues that plaintiffs have failed to state a claim upon which relief can be granted, is more properly designated a motion for dismissal under Fed.R.Civ.P. 12(b) and will be treated as such by the Court.

against the Board be transferred to the United States District Court for the Northern District of New York.

### I.

Plaintiff Cain is a resident of the Town of Oyster Bay, Nassau County, New York. Cain alleges that he challenged the incumbent, Ralph J. Marino, in the 1980 Republican Primary for State Senator, Fifth Senatorial District. Cain claims that Dillon, in his capacity as Nassau County District Attorney, prosecuted Cain under the Election Law of New York for using signatures signed not by the actual person, but by his or her husband, wife, or other family member.

A jury trial in the Nassau County Court resulted in Cain's conviction under New York Election Law § 17–122(7) for misconduct in relation to his designating or nominating petition. The Appellate Division reduced the sentence but otherwise unanimously affirmed the judgment, and Judge Meyer of the New York State Court of Appeals denied leave to appeal under N.Y. Crim.P. § 460.20.

Cain asserts that his prosecution was discriminatory. He alleges that Dillon had actual notice that all the challenged signatures on Cain's petition were authorized and that Dillon generally refuses to prosecute cases in which the widespread practice of using authorized signatures had been employed. Cain claims that Dillon singled out Cain and other similarly situated insurgent candidates for different treatment under the New York Election Law, with a resulting foreseeable, and intentional, discriminatory effect.

Plaintiff Fahy is a resident of the Town of Paris, in Oneida County, New York. He alleges that he challenged incumbent Congressman Sherwood L. Boehlert in the 1984 Republican primary. The Board, however, invalidated his designating petition and denied him a place on the ballot. Fahy asserts that his designating petitions were in proper form, except for technical irregularities which did not affect the integrity or efficiency of the electoral process, and that evidence that these irregularities could be cured and that the petition contained sufficient valid signatures was presented to the Board on the date of its review at Fahy's candidacy. This evidence, however, did not appear on the face of his designating petitions at the time they were witnessed.

Fahy challenged the Board's decision in the Supreme Court of the State of New York, Albany County. The Court dismissed on the merits his petition that his candidacy be validated. The dismissal was unanimously affirmed by the Appellate Division, Third Department. The New York Court of Appeals denied his leave to appeal and dismissed his appeal as of right for lack of a substantial state constitutional question.

In the state court proceedings, Fahy expressly reserved any federal constitutional or statutory rights for litigation in federal court. He now alleges that as a result of the Board's decision, he was disenfranchised in violation of his right to substantive due process of law under the Fourteenth Amendment.

### II.

■ Dillon argues that plaintiffs' complaint fails to state a claim against him upon which relief can be granted since prosecutors are protected by absolute immunity from civil suits such as that brought by plaintiffs. Insofar as plaintiffs seek an award of damages, Dillon is completely correct: Prosecutors acting within the scope of their duties are absolutely immune from actions for money damages based upon their prosecutorial actions. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).[2] Plaintiff's action against Dillon, therefore,

---

**2.** Plaintiffs appear to concede this point, noting that, "It is perfectly clear that defendant District Attorney of Nassau County, Denis Dillon, cannot be made to answer in damages or to contribution [sic] in any way to any award of damages...." Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 7.

must be dismissed to the extent that it seeks relief by way of a damages award.

■ Prosecutors, however, are not similarly protected from requests for declaratory or injunctive relief. Immunity from damages does not ordinarily bar equitable relief as well. *Wood v. Strickland*, 420 U.S. 308, 314 n. 6, 95 S.Ct. 992, 997 n. 6, 43 L.Ed.2d 214 (1975). While prosecutors enjoy absolute immunity from damages liability, they are still subject to injunctive suits. *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 736–37, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980). In fact, in *Morano v. Dillon*, 746 F.2d 942, 944 (2d Cir.1984), the Second Circuit admonished parties who insisted on briefing and arguing the issue despite the Supreme Court's "pointed[]" remarks in *Consumer's Union.*

In their action, plaintiffs seek both legal and equitable relief. As the *Imbler* rule of prosecutorial immunity attaches only to claims for damages, Dillon's motion to dismiss is granted to the extent that plaintiffs seek relief by way of a damages award but is denied insofar as plaintiffs seek relief other than money damages.

### III.

The Board asserts that plaintiffs' case cannot go forward in this Court because venue is improper under 28 U.S.C. § 1391(b), which states:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

The Board points out that the Board's principal office is located in Albany, New York and that the action by the Board about which Fahy complains was taken in Albany. Albany lies within the boundaries of the Northern District of New York.

■ The Board fails to take cognizance, however, of 28 U.S.C. § 1392(a), which provides:

Any civil action, not of a local nature, against defendants residing in different districts in the same state, may be brought in any such districts.

In a suit against a public agency and its officials, "residence," for venue purposes, is where the officials involved perform their duties. *Andrew H. v. Ambach*, 579 F.Supp. 85 (S.D.N.Y.1984); *Procario v. Ambach*, 466 F.Supp. 452 (S.D.N.Y.1979). The Board and its Commissioners, therefore, are deemed to reside in the Northern District of New York. Dillon, on the other hand, uncontestedly resides in the Eastern District. Since the defendants live in different districts, under § 1392(a), venue in the Eastern District is proper in this lawsuit.

### IV.

■ The fact that venue in the Eastern District is not improper under the applicable venue statute, however, does not necessarily dispose of the issues that confront the Court. Even when venue is proper, a court may determine that, in the interest of justice, an action between multiple defendants should be severed and certain claims transferred to a more convenient forum. Fed.R.Civ.P. 21 provides, "Any claim against a party may be severed and proceeded with separately." A decision to sever lies within the discretion of the Court, and an order of severance is interlocutory, and thus not ordinarily appealable. *Garber v. Randall*, 477 F.2d 711 (2d Cir.1973); *Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F.Supp. 57 (S.D.N.Y.1981). Severance is not limited to situations where there has been a finding of improper joinder. *Spencer, White, and Prentis Inc. of Connecticut v. Pfizer, Inc.*, 498 F.2d 358 (2d Cir.1974); *Wyndham Associates v. Bintliff*, 398 F.2d 614 (2d Cir.), *cert. denied*, 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968).

■ ■ A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer. Where the administration of justice would be materially ad-

vanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants. *Wyndham Associates,* 398 F.2d at 618; *General Tire and Rubber Co. v. Jefferson Chemical Co.,* 50 F.R.D. 112 (S.D.N.Y.1970); *see also* C. Wright and A. Miller, *Federal Practice and Procedure* § 1689 (1972).

■ Transfer in cases in which venue is proper is controlled by 28 U.S.C. § 1404(a).[3] § 1404(a) authorizes transfer only of an entire action, not of individual claims. This requirement, however, does not restrict transfer to an entire action as originally brought. When a court orders the severance of claims, there are created two or more separate "actions," and the court may, pursuant to § 1404(a), transfer certain of such separate actions while retaining jurisdiction of others. *Wyndham Associates,* 398 F.2d at 618.

■ The clear language of § 1404(a) requires that a case be transferred only to a district where the suit could properly have been brought. A court will order a case transferred to such a forum only if the transferee district can be shown to be more convenient and the interests of justice would be better served by transfer. *St. Cyr v. Greyhound Lines, Inc.,* 486 F.Supp. 724, 727 (E.D.N.Y.1980); *Kreisner v. Hilton Hotel Corp.,* 468 F.Supp. 176, 177 (E.D. N.Y.1979); *Scheinbart v. Certain-Teed Products Corp.,* 367 F.Supp. 707, 709 (S.D. N.Y.1973). Several specific factors must be considered in determining whether transfer should be ordered: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining willing witnesses; (5) the relative ease of access to sources of proof; (6) where the events at issue took place; (7) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (8) the interests of justice in general.

■ As is the situation with severance, the decision as to whether to transfer is within the broad discretion of the court, *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439 (2d Cir.1966); *Goldstein v. Rusco Industries, Inc.,* 351 F.Supp. 1314 (E.D.N.Y.1972), and transfer is an interlocutory, nonappealable order. *Aaacon Auto Transport, Inc. v. Ninfo,* 490 F.2d 83 (2d Cir.1974); *D'Ippolito v. American Oil Co.,* 401 F.2d 764 (2d Cir.1968).

■ The Court concludes that severance of the claims against Dillon from those asserted against the Board and transfer of the action against the Board to the Northern District of New York constitutes the most appropriate approach to the situation presented by plaintiffs' lawsuit. Cain's claims are predicated upon alleged wrongdoing by Nassau County District Attorney Denis Dillon in connection with a prosecution arising out of techniques Cain used in his state senatorial campaign. Fahy's claims, on the other hand, arise out of alleged improprieties by the New York State Board of Elections and its Commissioners concerning Fahy's attempt to obtain the Republican nomination for the 25th Congressional District. The respective claims of each of these two plaintiffs is linked only by their merger into a single complaint that asserts the plaintiffs' "disenfranchisement" and seeks class treatment. Furthermore, the complaint fails to allege that either defendant took any action whatsoever that might connect it with the purportedly improper activities of the other. Given this lack of any significant link between either the plaintiffs' individual claims against the two defendants or the defendants' alleged activities that plaintiffs assert gave rise to the claims, the respective claims are well suited to a severance order that will allow transfer of the cause of action against the Board.

---

**3.** § 1404(a) reads:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Analysis of the various factors relevant to a transfer decision leaves the Court with no doubt that transfer of the claim against the Board to the Northern District is warranted. As to the threshold question under § 1404(a), suit could clearly have been brought against the Board in the Northern District, as the Board has its principal office in Albany and plaintiff's claim arose out of actions taken within that office. Turning to the specific factors that influence a court's determination as to whether transfer should be ordered, the Court finds that a Northern District forum is more convenient for both the parties, for the Board is located in Albany and Fahy lives in the Town of Paris, which is also within the Northern District. Material witnesses such as Board of Elections officials, people who signed Fahy's petitions, or other persons who conceivably might be called as witnesses are more likely to reside in or near the Northern District. Process to compel the presence of unwilling witnesses is equally available in either the Northern or Eastern Districts, but, given the probable residence of most possible witnesses, the cost of obtaining willing witnesses will in all likelihood be lessened by proceedings in the Northern District.

Proof is likely to consist, in addition to party and witness testimony, of documents and records pertaining to Fahy's candidacy and the Board's decision. A Northern District forum will allow greater ease of access to such sources of proof, which presumably can be found in or around the Board's headquarters in Albany. All the relevant events, including Fahy's attempt to gain the Republican nomination and the Board's consideration of the validity of his candidacy, took place in the Northern District. Pretrial and trial proceedings can progress more expeditiously and inexpensively where parties, witnesses, and sources of proof are more accessible; for instance, there will be less occasion for delay due to the unavailability of a specific party or witness on any given day.

The final relevant factor, "the interests of justice in general," is a consid-

eration "broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by transfer." *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967). The Court notes that, while it respects Fahy's right as a plaintiff to file suit in a forum of his choosing, this choice is not entitled to the weight generally accorded such a decision where there is lacking any material connection or significant contact between the forum and the events allegedly underlying the cause of action. *See Helfant v. Louisiana & Southern Life Insurance Co.*, 82 F.R.D. 53, 56–57 (E.D.N.Y.1979); *Foster v. Litton Industries, Inc.*, 431 F.Supp. 86, 87 (S.D.N.Y.1977). The Court fails to see how judicial proceedings in a district outside that in which the parties, witnesses, and sources of proof may be found, and in which the cause of action arose, serve the general interests of justice where the district which is the natural focus of such litigation is both open to such proceedings and desired as a forum by one of the parties.

For the above reasons, the Court orders that the claims against Dillon be severed and the claims against the Board transferred to the Northern District of New York.

V.

Dillon's motion to dismiss the claims asserted against him is granted to the extent that plaintiffs seek relief by way of an award of damages. Dillon's motion to dismiss is denied insofar as plaintiffs seek relief other than money damages.

The Board's motion to dismiss plaintiffs' action for improper venue is denied. However, the Court orders plaintiffs' claims against Dillon severed from plaintiffs' claims against the Board and the action against the Board transferred to the United States District Court for the Northern District of New York.

SO ORDERED.