**Adam KOLKO, Plaintiff,**

v.

**HOLIDAY INNS, INC., Defendant.**

**No. 87 Civ. 0671 (SWK).**

United States District Court,
S.D. New York.

Sept. 23, 1987.

---

Daniel M. Kolko, White Plains, N.Y., for Adam Kolko.

Sidley & Austin by Theodore J. Theophilos, Robert Diubaldo, New York City, for Holiday Inns, Inc.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Subject matter jurisdiction in this action is founded on diversity of citizenship under 28 U.S.C. § 1332. Proper venue is founded on 28 U.S.C. § 1391(c). Plaintiff seeks to recover damages for injuries allegedly sustained while on the premises of defendant's hotel in Miami Beach, Florida. Defendant denies these claims and moves for an order transferring this action to the United States District Court for the Southern District of Florida as a more convenient forum pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, defendant's motion is granted.

*Facts*

The facts of this action are disputed by the parties. Plaintiff Adam Kolko admits that he is a resident of Rochester, New York and that he is currently a student at the University of Pittsburgh in Pittsburgh, Pennsylvania. On December 25, 1986, while on vacation in Florida, Kolko alleges that he entered the Holiday Inn Oceanside in Miami Beach, Florida to utilize its video game room. Finding the room closed, plaintiff allegedly went to the hotel's bar to have a drink but was told by hotel staff that without proper identification, he would not be served intoxicating beverages. Kolko then left the bar and while just outside the hotel was stopped by two men in uniform. Shortly thereafter, a third man, later identified as the head of Holiday Inn Oceanside's security force came on the scene and questioned plaintiff. Plaintiff alleges that he was never told why he was being detained by hotel security personnel.

The three security officers then allegedly took plaintiff to a room and further questioned him, grabbed him by the neck, and applied handcuffs. The Miami police were called and an Officer Soto arrives and removed the handcuffs from plaintiff.

Defendant offers a stark contrast to plaintiff's version of the facts. Defendant alleges that plaintiff was a customer of Holiday Inn Oceanside's bar on December 25, 1986 but that he left the bar without paying his bar bill when stopped by hotel security personnel. When questioned in the hotel lobby, plaintiff allegedly refused to identify himself and began shouting obscenities. At that point, three hotel security personnel asked plaintiff to accompany them to an office in another area of the hotel. Once in the office, plaintiff was asked to identify himself to which he responded that his name was "Mark Rosenblatt." When asked how to spell "Rosenblatt", plaintiff allegedly jumped out of his chair, shouted an obscenity and drove the hotel's head of security into the wall ripping the latter's shirt pocket. Plaintiff was thereafter forcibly restrained by hotel security personnel and handcuffed. The Miami police were then summoned. Several minutes later Officer Soto arrived and plaintiff allegedly continued to identify himself as "Mark Rosenblatt." Officer Soto removed plaintiff's handcuffs and no charges were made against plaintiff by the hotel security personnel involved. Officer Soto then instructed plaintiff to stay away from the hotel or face arrest for trespassing. Plaintiff was then released.

Plaintiff Kolko served a complaint against defendant on January 13, 1987 in New York State Supreme Court seeking damages for false imprisonment, assault, battery and violation of his civil rights as a result of the altercation with defendant's security personnel. Defendant denied plaintiff's claims and successfully petitioned for removal of the case to federal court in the Southern District of New York on February 2, 1987. Defendant now moves to transfer this action to the United States District Court for the Southern District of Florida as a more convenient forum pursuant to 28 U.S.C. § 1404(a).

*Discussion*

■ Section 1404(a) allows a court in its discretion to transfer a civil action to any other district where the action may have been brought when the court is satisfied that the transfer is "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Generally, plaintiff's choice of forum is entitled to great weight and should rarely be disturbed unless the balance of several factors is strongly in favor of defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The burden is on the movant to show why the transfer is warranted. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). However, the absence of any contact by the forum state with the transactions underlying the cause of action reduces the weight to be given a plaintiff's choice of forum. *Foster v. Litton Industries, Inc.*, 431 F.Supp. 86, 87 (S.D.N.Y.1977); *Haase v. Mallenkrodt, Inc.*, 415 F.Supp. 889, 890 (S.D.N.Y.1976).

■ The factors which must be considered in determining whether or not transfer is warranted are: (1) the convenience of the parties; (2) the convenience of witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining willing witnesses; (5) the relative ease of access to sources of proof; (6) where the events at issue took place; (7) practical problems involved indi-

cating where the case can be tried more expeditiously and inexpensively; and, (8) the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964); *Cain v. New York State Board of Elections*, 630 F.Supp. 221, 226 (E.D.N.Y.1986); *Kreisner v. Hilton Hotel Corp.*, 468 F.Supp. 176, 177 (E.D.N.Y.1979); *Scheinbart v. Certain-Teed Products Corp.*, 367 F.Supp. 707, 709 (S.D.N.Y.1973).

■ Several reasons warrant transfer of this action to the Southern District of Florida. First, neither the plaintiff, his alleged injuries, nor the defendant have any material connection with the Southern District of New York. Plaintiff is a resident of Rochester, New York and resides during the college academic year in Pittsburgh, Pennsylvania. Plaintiff's only contact with the Southern District of New York is that his attorney practices in the New York City area. The convenience of plaintiff's attorney, without more, is not decisive in determining whether to grant or deny a transfer motion. *Ayers v. Arabian American Oil Co.*, 571 F.Supp. 707, 709 n. 1 (S.D.N.Y. 1983). Moreover, plaintiff will have to travel several hundred miles to participate in this suit and interrupt his studies regardless of whether the suit proceeds in this district or in the Southern District of Florida.

Second, the convenience of the witnesses will be better served by transferring this action to the Southern District of Florida. Three of the witnesses Holiday Inn intends to call are employed by or assigned to the Holiday Inn Oceanside in Miami Beach, Florida. The employment schedules and personal lives of these individuals will be inconvenienced if required to appear for several days in New York. Moreover, given that defendant's witnesses constitute forty percent of Holiday Inn Oceanside's security force, requiring such personnel to appear in New York will unduly disrupt operations of the hotel. In contrast, plaintiff has stated that he does not intend to call any witnesses other than himself. Where a defendant's fact witnesses greatly outnumber those of the plaintiff, the conve-

nience of the witnesses becomes an important consideration in granting a motion to transfer an action. *Kreisner, supra,* 468 F.Supp. at 178.

Third, the availability of process to compel the attendance of unwilling witnesses favors transfer of this action to Florida. Defendant has stated that it intends to call Miami police officer Soto as a witness to refute some of plaintiff's claims. As a member of the Miami police force, Soto is not within the subpoena power of New York federal courts. *See* Fed.R.Civ.Pro. Rule 45(e)(1). As such, the availability of process to compel Officer Soto's attendance at trial warrants transfer of this case.

■ Fourth, the relative costs to the parties in obtaining willing witnesses compels transfer of this action. While the court is sympathetic to plaintiff's position as a student and the resulting financial burden upon him by transferring this action, defendant would bear a far greater financial burden in transferring and lodging several witnesses in New York if this motion were denied. Plaintiff unconvincingly alleges that because defendant has greater economic resources dues to its corporate status, Holiday Inn should therefore bear a greater burden in transporting witnesses than should plaintiff, a college student. The relative economic ability of the parties to proceed with a case has rarely been a dispositive reason to grant or deny a venue change. The financial ability of each party to bear the costs of a venue change is but one of several factors for the court to consider. *Gallery House Inc. v. Yi,* 587 F.Supp. 1036, 1040 (N.D.Ill.1984).

■ In addition, plaintiff alleges that by undertaking discovery within the Southern District of New York, defendant has waived it right to request a change of venue. Section 1404(a) sets no time limit at which a motion to transfer may be made. The passage of time alone is not a sufficient reason to deny a transfer motion. *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 621 F.Supp. 780, 782 (N.D. Ill.1985); *American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 254, 261 (W.D. Mo.1980).

Finally, the interests of justice warrant transfer of this action. The public interest requires that "localized controversies [be] decided at home." *Gulf Oil Corp., supra,* 330 U.S. at 509, 67 S.Ct. at 843. The facts underlying this action have no material connection with the Southern District of New York.

In light of this fact and other aforementioned considerations, transfer of this action is appropriate, and this case is hereby transferred to the Southern District of Florida.

SO ORDERED.