**Elliot KLEIN, Plaintiff,**

**v.**

**DOMINO'S PIZZA, INC., Defendant.**

**Civ. A. No. 90–179.**

United States District Court,
D. Vermont.

July 1, 1991.

Dorothy L. Helling, Montpelier, Vt., for plaintiff.

Heather Briggs, Downs Rachlin & Martin, Burlington, Vt., for defendant.

---

## OPINION AND ORDER

PARKER, District Judge.

Plaintiff, a Vermont resident, brought suit in Vermont state court alleging breach of contract and misrepresentation relating to the possibility of his obtaining a franchise for a Domino's Pizza outlet. Defendant had the case removed to this Court on diversity grounds and now moves for dismissal or, in the alternative, transfer of venue to the Central District of California as a more convenient forum.

■ 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden is on the defendant as moving party to establish that there should be a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). For the reasons set forth below, we believe that defendant has met its burden and accordingly GRANT the motion to transfer.

Plaintiff was employed at defendant's stores and franchises at various times during the previous decade, at various locations in New Jersey, Connecticut, New York, Nevada, and most recently, until February 1987, in Pasadena, California. In March 1987, plaintiff applied to defendant's regional office located in California to open his own franchise in Hawaii, but was, according to his complaint, wrongfully denied the franchise. He subsequently moved to Vermont.

■ Aside from plaintiff's present residence in this state, Vermont has no connection to the action. Defendant has supplied the names of numerous prospective witnesses, and none reside in Vermont. To the contrary, many if not most of the witnesses knowledgeable about plaintiff's request to franchise, and, it appears, many of the documents relevant to the case, are in California. Moreover, few of the witnesses are employed by defendant and their presence at trial in Vermont could not be compelled. See Fed.R.Civ.P. 45(e). These considerations support transfer. See *Lovebright Diamond Co. v. Spragins*, 574 F.Supp. 76, 80–81 (S.D.N.Y.1983); *Rodd v. J.G. Hook, Inc.*, 534 F.Supp. 237, 238 (S.D.N.Y.1982).

Plaintiff concedes the actual breach upon which his action is based occurred in California, but contends that many of the circumstances leading to the breach arose in other states. He maintains that a large number of essential witnesses are located in eastern states [1] and that much of the documentary evidence is located in warehouses elsewhere than California. He argues, moreover, that he has not the financial means to litigate in California, and contrasts his status (and the status of his attorney, a solo practitioner) with the resources available to defendant, a large corporation operating nationwide. Plaintiff also cites the "notorious" backlog of the California courts as a reason to keep the action in Vermont. Finally, plaintiff reiterates the general rule that the plaintiff's choice of forum is entitled to great weight. See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

The opinion in *Kolko v. Holiday Inns, Inc.*, 672 F.Supp. 713 (S.D.N.Y.1987), is especially helpful in resolving the present dispute. In *Kolko*, a resident of Rochester, New York brought suit in New York state court against the hotel chain after being detained by security personnel at the Holiday Inn in Miami Beach, Florida. The defendant petitioned for removal to the Southern District of New York and moved to transfer the action to the Southern District of Florida as a more convenient forum pursuant to 28 U.S.C. § 1404(a). *Id.* at 715. The court noted:

> Generally, plaintiff's choice of forum is entitled to great weight and should rarely be disturbed unless the balance of several factors is strongly in favor of defendant. The burden is on the movant

---

1. Plaintiff's memorandum lists only two potential witnesses other than himself, however, who reside in Vermont, and one of these is an accountant whom plaintiff would call as an expert.

154

to show why the transfer is warranted. However, the absence of any contact by the forum state with the transactions underlying the cause of action reduces the weight to be given a plaintiff's choice of forum.

The factors which must be considered in determining whether or not transfer is warranted are: (1) the convenience of the parties; (2) the convenience of witnesses; (3) the availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining willing witnesses; (5) the relative ease of access to sources of proof; (6) where the events at issue took place; (7) practical problems involved indicating where the case can be tried more expeditiously and inexpensively; and, (8) the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

*Id.* (citations omitted). See also *Anchor Savings Bank v. Transamerica Ins. Co.*, 634 F.Supp. 398, 399 (S.D.N.Y.1986) (plaintiff's choice of forum "should be accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum").

Considering and weighing these factors, the *Kolko* court concluded that transfer was appropriate in the circumstances. First, neither the parties nor the plaintiff's alleged injuries had any material connection with the Southern District of New York. While the plaintiff's attorney practiced in that district, the convenience of the attorney "is not decisive in determining whether to grant or deny a transfer motion." *Id.* Second, the court found that the convenience of the witnesses favored transfer. "Where a defendant's fact witnesses greatly outnumber those of the plaintiff, the convenience of the witnesses becomes an important consideration in granting a motion to transfer an action." *Id.* at 715–16. Third, the availability of process to compel attendance of unwilling witnesses also favored transfer to Florida.

The court's discussion of the fourth factor is particularly noteworthy:

Fourth, the relative costs to the parties in obtaining willing witnesses compels transfer of this action. While the court is sympathetic to plaintiff's position as a student and the resulting financial burden upon him by transferring this action, defendant would bear a far greater financial burden in transferring and lodging several witnesses in New York if this motion were denied. Plaintiff unconvincingly alleges that because defendant has greater economic resources due to its corporate status, Holiday Inn should therefore bear a greater burden in transporting witnesses than should plaintiff, a college student. The relative economic ability of the parties to proceed with a case has rarely been a dispositive reason to grant or deny a venue change. The financial ability of each party to bear the costs of a venue change is but one of several factors for the court to consider.

*Id.* at 716. The court also determined that the interests of justice warranted transfer to Florida, noting that "[t]he public interest requires that 'localized controversies [be] decided at home.'" *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 509, 67 S.Ct. at 843).

Considering all the factors relevant to a transfer motion under 28 U.S.C. § 1404(a), and guided by the *Kolko* decision, we conclude that transfer of this action to the United States District Court for the Central District of California is warranted, and order the same.