**Mamadou Alpha DIALLO, Petitioner**

v.

**M. Frances HOLMES, Respondent.**

**No. 03 CIV. 1850(JGK).**

United States District Court,
S.D. New York.

Sept. 12, 2003.

Dominick Sorrentino, Valhalla, NY, for Petitioner.

James B. Comey, United States Attorney, Southern District of New York, Megan L. Brackney, of counsel, New York City, for Respondent.

## OPINION AND ORDER

KOELTL, District Judge.

The petitioner, Mamadou Alpha Diallo, asserts that he is being held unlawfully by the Bureau of Immigration and Customs Enforcement ("BICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The respondent contends that the petition should be dismissed for lack of personal jurisdiction or, in the alternative, that the petition should be transferred to the United States District Court for the Western District of New York, where venue and jurisdiction would be proper.

Diallo is a native of Guinea. On March 11, 1996, he entered the United States as a nonimmigrant visitor and was authorized to remain in the United States for a period not to exceed six months. (See Notice to Appear attached as Ex. A to the Return, at A1.) On March 3, 1998, the INS served Diallo with a Notice to Appear charging that he was subject to removal from the United States. (*Id.* at A2.) Diallo failed to

---

**1.** The petition was brought pursuant to 28 U.S.C. § 2254, but the petition challenges the conditions of Diallo's federal custody pursuant to an immigration removal order, not his custody pursuant to the judgment of a state court, and thus is appropriately a petition under § 2241. *See I.N.S. v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *Bertrand v. Sava,* 684 F.2d 204, 210 (2d Cir.1982).

appear before the immigration judge on June 10, 1999, and he was ordered removed *in absentia.* (Immigration Court Order dated June 10, 1999 attached as Ex. A to the Return, at A4.) Diallo filed a motion to reopen the immigration proceedings, but the immigration judge denied the motion. (Order of the Immigration Judge dated Feb. 3, 2000 attached as Ex. A to the Return, at A8–A9.) Diallo's appeal to the Board of Immigration Appeals was also subsequently denied. (BIA Order dated June 13, 2003 attached as Ex. A to the Return, at A12.)

During the course of these appeals, on July 14, 2002, Diallo was arrested for forcible touching and subsequently convicted in Colonie Town Court in Albany County, New York. (Certificate of Disposition attached as Ex. A to the Return, at A13.) Diallo was sentenced to time served, and upon his release was taken into INS custody by the Buffalo District Director. (Notice of Custody Determination dated July 15, 2002 attached as Ex. A to the Return, at A14.) Since July 2002, Diallo has been held at the Buffalo Federal Detention Center in Batavia, New York. (Petition at ¶¶ 1–2.) On August 10, 2002, the petitioner requested that the Buffalo District Director release him pursuant to the posting of a bond. (Petition at ¶ 10.) The District Director denied the request, and the petitioner alleges that the denial constituted an abuse of discretion. (*Id.* at ¶ 12.)

■ Section 2241(a) provides in pertinent part that "[w]rits of habeas corpus may be granted by ... the district courts ... within their respective jurisdictions." A writ of habeas corpus is directed to the custodian of a detainee, and no writ may issue where the court considering the petition lacks personal jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 948 (2d Cir.1976); *Peon v. Thornburgh,* 765 F.Supp. 155, 156 (S.D.N.Y.1991).

■ The petition names the District Director of the BICE Buffalo Field Office as the respondent.[2] The Government agrees that the Buffalo District Director is the proper custodian in this case. The petitioner does contend in his reply papers that he should be considered in the custody of the New York District Director because he was subject to immigration court proceedings in New York City at the time of his arrest in July 2002 in Albany County, New York. However, habeas corpus jurisdiction is determined at the time the petition was filed. *See Ledesma–Valdes v. Sava,* 604 F.Supp. 675, 679 (S.D.N.Y.1985) (Weinfeld, J.). The petition in this case was filed on March 17, 2003. At that time, the petitioner was detained, as he is now, in the Buffalo District Director's custody at the Federal Detention Center in Batavia, New York, which is in the Western District of New York. The Buffalo District Director is "the individual with day-to-day control over the petitioner," a fact generally used by courts to determine the proper custodian for habeas purposes. *Henderson v. I.N.S.,* 157 F.3d 106, 122 (2d Cir.1998). Moreover, the petitioner contends that he is unlawfully detained as a

---

**2.** The petition names M. Frances Holmes, District Director of the Immigration and Naturalization Service ("INS"), as the respondent. As of March 31, 2003, the Bureau of Immigration and Customs Enforcement ("BICE") has replaced the INS as the federal agency that handles all issues relevant to this petition. In addition, after the petition was filed, M. Frances Holmes was succeeded by Peter J. Smith as the Acting District Director of the Buffalo Field Office for BICE. Peter J. Smith should be substituted as the respondent in this action pursuant to Fed.R.Civ.P. 25(d)(1).

result of an alleged abuse of discretion by the Buffalo District Director for denying the petitioner's request to be released on bond. For these reasons, the Buffalo District Director is the proper custodian in this case.

■■■ The Government argues that this Court lacks personal jurisdiction over the Buffalo District Director. In habeas cases, personal jurisdiction exists where the custodian can be reached by service of process. *See Braden,* 410 U.S. at 495, 93 S.Ct. 1123 ("So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody...."). Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure allows this Court to exercise personal jurisdiction over the person of a defendant who could be subject to jurisdiction of a court of general jurisdiction in which the district court is located, namely New York. Because the Buffalo District Director is present within the state of New York, this Court has jurisdiction over the respondent. *See* N.Y. C.P.L.R. § 301. The Government argues that the Buffalo District Director cannot be reached by the New York long-arm statute, N.Y. C.P.L.R. § 302, and cites numerous cases where federal courts in New York have refused to assert personal jurisdiction over out-of-state INS District Directors. It is unnecessary to turn to the New York long-arm statute to obtain personal jurisdiction in this case, because the Buffalo District Director is present in the state of New York and amenable to service of process in the state.

The Government also argues that venue is improper in the Southern District of New York. Section 2241 does not have a

venue provision applicable to this case.[3] The Supreme Court explained in *Braden* that courts should apply "traditional venue considerations" to determine venue in habeas proceedings. *Braden,* 410 U.S. at 493–94, 93 S.Ct. 1123. The relevant factors to consider include: (1) "where all of the material events took place"; (2) where "the records and witnesses pertinent to petitioner's claim are likely to be found"; and (3) the convenience of the forum for the petitioner and the respondent. *Id.* at 493–94, 93 S.Ct. 1123.

■ Considering these factors, the Western District of New York is the proper venue for this petition. The petitioner specifically contends that it was an abuse of discretion for the Buffalo District Director to deny the petitioner's request to be released on bond. That action was taken in the Western District of New York, so it is likely that any witnesses or documents relating to the District Director's decision will be located in that district. Moreover, both the petitioner and the Buffalo District Director are currently located in the Western District of New York. It would be more convenient for both of them to appear in court in that district than in the Southern District of New York. Although the petitioner contends that he will face prohibitive legal fees if the petition is transferred to the Western District of New York, the case has not proceeded far enough that hiring new counsel would be a prohibitive, or even significant, expense. In any event, the balance of factors favors venue in the Western District of New York. *See Kolko v. Holiday Inns, Inc.,* 672 F.Supp. 713, 716 (S.D.N.Y.1987) ("The financial ability of each party to bear the costs of a venue

---

**3.** Section 2241(d) applies only when a petition is "made by a person in custody under the judgment and sentence of a State court...."

change is but one of several factors for the court to consider.").

Rather than dismiss this petition and require the petitioner to refile it in the Western District of New York, the Court finds that the interests of justice are served by transferring the petition pursuant to 28 U.S.C. § 1406(a) to the Western District of New York. Even if venue were proper in this district, the Court would transfer the case pursuant to § 1404(a) in the interests of justice and for the convenience of the parties and witnesses. Therefore, this petition shall be transferred to the United States District Court for the Western District of New York, where both jurisdiction and venue are proper. *See Akhta v. Reno,* No. 00 Civ. 0566, 2000 WL 280027, at *1–2 (S.D.N.Y. March 15, 2000) (transferring sua sponte habeas petition to Western District of New York because petitioner was in custody of INS Buffalo District Director and challenged actions of INS were taken by INS office in Buffalo); *Graham v. Reno,* No. 99 Civ. 3348, 1999 WL 617920, at *1 (S.D.N.Y. June 24, 1999) (transferring sua sponte habeas petition to Northern District of New York); *Peon v. Thornburgh,* 765 F.Supp. 155, 156 (S.D.N.Y.1991) (transferring habeas petition to Northern District of New York).

### Conclusion

For the reasons explained above, the Clerk of the Court is directed to transfer this case to the United States District Court for the Western District of New York.

**SO ORDERED.**