ROUNDBALL ENTERPRISES,
INC., Plaintiff,

v.

Michael Ray RICHARDSON and Profes-
sional Sports Management,
Inc., Defendants.

No. 82 Civ. 7000 (SWK).

United States District Court,
S.D. New York.

Sept. 11, 1985.

Don Cronson, New York City, for plain-
tiff.

G. Patrick Healy, Tacoma, Wash., for
defendant Professional Sports Manage-
ment, Inc.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon the motion of defendant Professional Sports Management, Inc. ("PSM") to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion is denied.

## BACKGROUND

Plaintiff Roundball Enterprises, Inc. ("Roundball") commenced this action against Richardson and G. Patrick Healy by filing the complaint herein on October 21, 1982. Richardson is a well-known professional basketball player. Roundball alleges that it was Richardson's exclusive agent, and asserted claims against Richardson for fees allegedly owing, and against Healy, the president of PSM, Richardson's current agent, for tortious interference with its contractual relationship with Richardson.

Healy moved for dismissal of the complaint as against him for want of in personam jurisdiction. That motion was granted in an opinion dated March 31, 1983, on the grounds that any contact Healy had with New York was in a representative capacity for PSM, not in his individual capacity.

Roundball moved for leave to file an amended complaint naming PSM as a defendant in the action on April 13, 1983. On May 20, 1983, Roundball's motion for leave to file an amended complaint was granted. Roundball served and filed an amended complaint asserting a cause of action against PSM for tortious interference with its contractual relationship with Richardson. Thereafter, PSM filed this motion to dismiss the complaint on a variety of grounds, the primary one seeming to claim lack of personal jurisdiction.

This action arises out of an alleged contract between Roundball and Richardson entered into on May 5, 1980, whereby Roundball was to serve as Richardson's exclusive representative for a period of four years. By the terms of this agreement, Roundball was to represent Richardson in employment contract negotiations and was to provide overall financial and business management services. Pursuant to that agreement, Don Cronson, the president of Roundball, acquired a power-of-attorney with respect to a cash management account maintained in Richardson's name by Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") at its office at 165 Broadway in Manhattan.

PSM, through Healy, alleges that on February 8, 1982, Richardson signed an agreement in Seattle, Washington to retain PSM as his exclusive business representative and manager. It is alleged that, in order to cajole Richardson into entering this contract, Healy called and wrote to Richardson in New York often. On February 9, 1982, a letter allegedly signed by Richardson was sent to Cronson purportedly terminating Richardson's contract with Roundball. Cronson alleges that thereafter he had several conversations with Richardson during which Richardson refused to confirm that he sent the letter or to insist upon compliance therewith. Cronson alleges that one month later, Healy was in New York to meet with Richardson to continue his efforts to persuade him to leave Roundball for PSM. Healy allegedly spoke with Richardson at length in New York during this visit. Healy also allegedly attended a Knick game at Madison Square Garden with one of Richardson's friends to enlist his assistance in persuading Richardson to disavow Roundball. Healy also persisted in writing and calling both Cronson and Richardson in New York.

Plaintiff alleges that despite Healy's efforts another contract was executed between Roundball and Richardson on May 27, 1982, and that on August 20, 1982 Richardson wrote a letter to Healy reaffirming his relationship with Roundball and stating

that Roundball would continue to act as his exclusive agent.

One month later, Healy apparently again came to New York. This time, Healy and Richardson met with Kevin Ward, an account executive for Merrill Lynch at its New York office. Ward indicated that "Richardson, at Healy's urging" instructed Ward that the power-of-attorney in favor of Roundball and/or Cronson had been revoked and that all future instructions would come from Healy. During this period, Healy was also apparently communicating with Richardson's New York employer, purporting to be Richardson's exclusive agent and attempting to renegotiate his employment contract.

## DISCUSSION

■■■ PSM moves to dismiss this claim on a variety of grounds, only one of which merits discussion.* PSM argues that it is not subject to suit in this Court, apparently because this Court purportedly lacks personal jurisdiction over it. At the outset, the Court should set out some basic parameters that apply to questions of in personam jurisdiction.

■■■ State law dictates whether this Court has personal jurisdiction over a party in a diversity action. *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir.1963) (en banc). The burden is on the plaintiff to establish that the Court has jurisdiction over the defendant. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d Cir.1981). At this stage of the proceedings, plaintiff can carry that burden simply by making a *prima facie* showing that jurisdiction exists. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir.1983). Moreover, the Court construes the pleadings and

affidavits in the light most favorable to plaintiff and resolves all doubts in its favor. *Hoffritz*, 763 F.2d at 57; *Beacon Enters., Inc.*, 715 F.2d at 768.

Plaintiff claims that PSM is amenable to suit under section 302(a)(2) of the New York Civil Practice Law and Rules ("CPLR"), which provides, in relevant part, as follows:

> **Acts which are the basis of jurisdiction.** As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary ... who in person
>
>     *     *     *     *     *     *
>
> 2. commits a tortious act within the state.

N.Y.Civ.Prac.Law § 302(a)(2) (McKinney 1972 & Supp.1984).

■■■ The Court finds that plaintiff has satisfied its burden of making out a *prima facie* showing that the requirements of this section are met. Plaintiff charges PSM with tortiously interfering with its contractual relationship with Richardson. Roundball has shown, by its largely unrebutted affidavits, that PSM sent several letters and made numerous calls to Richardson in New York attempting to establish its own agency relationship with him. Roundball has also shown that PSM made at least two visits to New York in pursuit of that relationship. During one of those visits, PSM, through Healy, escorted Richardson to the Merrill Lynch office and convinced him to revoke Cronson's power-of-attorney in favor of PSM. Roundball has also shown that PSM held itself out to Richardson's New York employer as Richardson's exclusive agent. While PSM calls these contacts with New York "minimal," I find that they are clearly sufficient to satisfy the jurisdictional requirements of CPLR § 302(a)(2).

* PSM argues that venue in this district is improper and that this action is in the wrong district. The Court does not understand these to be distinct arguments. In any event, venue in this Court is clearly proper in that plaintiff resides here and the cause of action arose here. 28 U.S.C. § 1391(a). PSM also contests service in this case. Service by mail, however, was also clearly proper in this case. Fed.R.Civ.P. 4(c)(2)(C)(ii).

See *New England Laminates Co. v. Murphy,* 79 Misc.2d 1025, 362 N.Y.S.2d 730 (Sup.Ct. Nassau Co. 1974); *see also Data Communication, Inc. v. Dirmeyer,* 514 F.Supp. 26, 30 (E.D.N.Y.1981) (some negotiations must take place in New York to justify exercise of jurisdiction).

*New England Laminates* is particularly instructive. There a nonresident manufacturer conducted telephonic negotiations with an employee of one of its competitors in order to convince him to become one of its employees. In a suit for maliciously inducing the employee to break his employment contract, the court held that the telephonic negotiations constituted purposeful activities within the state sufficient to sustain jurisdiction under § 302(a)(2). *See also Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970). PSM's conduct in New York was much more substantial than that of the defendant in *New England Laminates.* Thus, the Court has jurisdiction over PSM under CPLR § 302(a)(2).

■■■ Of course, in order for the forum state to constitutionally exercise power over the defendant, the defendant must have "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). PSM's contacts are sufficient. By its conduct in New York, PSM "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). PSM attempted to establish an agency relationship with a New York resident, employed in New York, which would require it to deal on behalf of its client with his New York employer and with his New York financial institutions. *See Travelers Health Ass'n v. Virginia,* 339 U.S. 643,

648, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950) (creation of "continuing obligations" by nonresident to resident of forum sufficient for jurisdiction over nonresident); *see also Burger King Corp. v. Rudzewicz,* ⎯ U.S. ⎯, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (nonresident's activities "purposefully directed" at residents of forum sufficient for jurisdiction over nonresident). Certainly it was foreseeable that PSM would be haled before the courts of this state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 741–42 (2d Cir. 1985).

In sum, the Court finds that it has personal jurisdiction over PSM for plaintiff's claim of tortious interference with its contractual relationship with Richardson, pursuant to CPLR § 302(a)(2). Moreover, the Court finds that the exercise of jurisdiction over PSM under that section in this case comports with the requirements of the Constitution. Accordingly, defendant's motion to dismiss is DENIED.

SO ORDERED.