**John C. SOLLINGER**

v.

**NASCO INTERNATIONAL, INC.**

Civ. A. No. 86–266.

United States District Court,
D. Vermont.

March 20, 1987.

Marc B. Heath, Downs, Rachlin & Martin, Burlington, Vt., for plaintiff.

Stephen Soule, Paul, Frank and Collins, Burlington, Vt., and Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

Plaintiff brings this action for copyright infringement under 17 U.S.C. § 101 *et seq.* The Court has subject matter jurisdiction of this federal question based on 28 U.S.C. § 1338.

On December 29, 1986, defendant Nasco International, Inc. ("Nasco") filed a motion to dismiss for lack of personal jurisdiction and/or for improper venue, or alternatively to transfer to the Western District of Wisconsin. Nasco additionally filed an affidavit of Gerald Mortimer, its Executive Vice President and Chief Executive Officer. Plaintiff John C. Sollinger has filed, in addition to his papers opposing the motion, two affidavits with attachments.

■ Defendant having properly raised a jurisdictional defense, plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court jurisdiction over the person of defendant. *Roundball Enterprises, Inc. v. Richardson*, 616 F.Supp. 1537, 1539 (S.D.N.Y.1985); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981). "In a motion to dismiss for lack of personal jurisdiction, where the trial court holds no hearing, 'the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.' *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d [at 904]." *Stone v. Chung Pei Chemical Industry Co. Ltd.*, 790 F.2d 20, 22 (2d Cir.1986). At this stage of the proceedings the pleadings and affidavits are construed in the light most favorable to plaintiff and all doubts are resolved in its favor. *Roundball Enterprises Inc. v. Richardson*, 616 F.Supp. at 1539; *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.* 763 F.2d 55, 57 (2d Cir.1985); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir.1983).

## BACKGROUND

Plaintiff is a resident of North Ferrisburg, Vermont. Complaint ¶ 3. Defendant is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Fort Atkinson, Wisconsin. Complaint ¶ 4.

Plaintiff has held since September 25, 1984 a copyright with registration number VA 187–739. Complaint ¶ 7. The copyright is for "an original graphic and scuptural [sic] work, known as the 'Holstein Stool.' Th[e] three-legged milk stool has a unique black and white graphic design, and a unique addition of a bovine udder beneath the seat." Complaint ¶ 5.

Plaintiff alleges that defendant Nasco infringed on plaintiff's copyright by offering for sale and selling to the general public identical copies of plaintiff's copyrighted Holstein Stool. Complaint ¶ 10.

Nasco made the stools available in Vermont by sending its "Country Collection" mail order catalog to an unknown number of Vermont residents. Affidavits of John C. Sollinger, filed November 3, 1986 and January 20, 1987. Sollinger called Nasco in Wisconsin, ordered a stool and gave Nasco's salesperson a credit card number for the purchase. Sollinger Affidavit filed November 3, 1986, ¶ 6. Plaintiff alleges that defendant's salesperson indicated that Nasco would ship the stool to plaintiff in Vermont. There is no allegation that the stool was shipped to or received in Vermont. *Id.*

Nasco has no contacts with Vermont other than its catalogs and its mail order and phone order sales operations. Nasco denies selling any of the accused stools in Vermont or shipping any of them to Vermont. Affidavit of Gerald A. Mortimer ¶¶ 3–9. Defendant was served by a Sheriff in Jefferson County, Wisconsin, apparently pursuant to Fed.R.Civ.P. 4(e). The federal rule directs a plaintiff to a state rule, such as V.R.C.P. 4(e) which provides:

Personal Service Outside the State. A person whose contact or activity in the state or such contact or activity imputable to him is sufficient to support a personal judgment against him may be served with the summons and the com-

plaint outside the state, in the same manner as if service were made within the State, by any person authorized to serve civil process by the laws of the place of service or by a person specially appointed to serve it.

## DISCUSSION

In this motion, defendant first challenges this Court's jurisdiction over defendant and then objects that venue is inappropriate in this District. We consider the grounds for dismissal in that order.

### A. *Personal Jurisdiction*

To decide whether this Court has jurisdiction over the defendant on the facts here presented we look first to the state long arm statute providing for jurisdiction over out-of-state citizens. *Braman v. Mary Hitchcock Memorial Hospital,* 631 F.2d 6, 8 (2d Cir.1980). If the Vermont statute and case law indicates that jurisdiction is proper, we must then subject the facts to a due process analysis to determine the constitutionality of subjecting defendant to suit in Vermont. *See Messier v. Whitestown Packing Corp.,* 544 F.Supp. 8 (D.Vt.1982).

The relevant Vermont long arm statute, Title 12 V.S.A. § 913(b) provides:

Upon the service [of process on a party outside the state], and if it appears that the contact with the state by the party or the activity in the state by the party or the contact or activity imputable to him is sufficient to support a personal judgment against him, the same proceedings may be had for a personal judgment against him as if the process or pleading had been served on him in the state.

It is settled that this language allows a Vermont federal district court to exercise jurisdiction over defendants to the outer limits of the due process clause. *Messier v. Whitestown Packing Corp.,* 544 F.Supp. at 8; *See Pasquale v. Genovese,* 136 Vt. 417, 419–20, 392 A.2d 395 (1978); *Braman v. Mary Hitchcock Memorial Hospital,* 631 F.2d at 7.

The first part of our personal jurisdiction inquiry quickly concluded, we must determine whether due process permits a Ver-

mont court to take jurisdiction over Nasco on these facts. Due process requires that an out of state defendant be subject to the personal jurisdiction of the court. For this Court to have personal jurisdiction over Nasco, the defendant must have had certain minimum contacts with Vermont "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

'The constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established "minimum contacts" in the forum state.' *Burger King v. Rudzewicz,* 471 U.S. 462, 474, [105 S.Ct. 2174, 2183, 85 L.Ed.2d 528] (1985), quoting *International Shoe Co.,* [326 U.S. at 316, 66 S.Ct. at 158] ... [M]inimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws." *Burger King,* 471 U.S. at 475 [105 S.Ct. at 2183] [*Hanson v. Denkla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)].

*Asahi Metal Industry Co. Ltd. v. Superior Court of California,* —— U.S. ——, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987).

Due process requires that a defendant have "fair warning that a particular activity may subject it to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J. concurring in judgment) *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182. In a case such as this, where a court seeks to assert "specific" jurisdiction over an out of state defendant,

this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 [104 S.Ct. 1473,

1478, 79 L.Ed.2d 790] (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 [104 S.Ct. 1868, 1872, 80 L.Ed.2d 404] (1984).

*Id.* at 472–73, 105 S.Ct. at 2182.

The requirement of fair warning is part of the fairness and reasonableness analysis which a court considering a challenge to personal jurisdiction must undertake. Basic to this analysis is that to assert jurisdiction we must determine "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The Court must additionally consider such factors as "the forum state's interest in adjudicating the dispute, the burden on the defendant, the plaintiff's interest in securing convenient and effective relief, judicial efficiency and the dictates of interstate federalism. *World-Wide Volkswagen,* 444 U.S. at 292–94 [100 S.Ct. at 564–65]." *Messier v. Whitestown Packing Corp.,* 544 F.Supp. at 11.

■ Applying this framework to the facts at this stage of the case, we find that we are able to assert jurisdiction over defendant, Nasco. In sending its catalogs into Vermont to solicit sales and in actually entering into a transaction with a Vermont resident, though that transaction may not have been completed, Nasco has "purposefully directed [its] activities at residents of the forum" and this "litigation results from alleged injuries that 'arise out of or relate to' those activities...." *Burger King,* 471 U.S. at 472–73, 105 S.Ct. at 2182. Nasco clearly expects to do business with Vermont residents and Vermont thus has an interest in adjudicating disputes which concern Nasco's business. As discussed below in relation to venue, the balance of convenience does not tip strongly toward defendant. Plaintiff, a Vermont craftsperson, has an interest in securing relief in a Vermont court. Defendant would face only minor inconvenience in coming to Vermont to resolve the dispute.

Defendant argues that the Court cannot assert jurisdiction because the suit does not arise directly out of Nasco's activities in Vermont. There has been no sale or other transfer of ownership of allegedly infringing articles in Vermont, defendant argues, so 17 U.S.C. § 106(3) cannot have been violated. Since no infringement occurred in Vermont, the Court cannot assert specific jurisdiction.

For three reasons, we do not accept defendant's argument. First, the complaint does not rely exclusively on § 106(3), but asserts generally copyright infringement. While we make no comment on what plaintiff is likely to prove at trial, we will not allow defendant to limit the complaint to one subsection of a broad statute which has been invoked generally.

Second, it is not at all clear that in order for the court to assert specific personal jurisdiction, due process requires that the suit "arise directly out of Nasco's activities in Vermont." Defendant's Reply Memo at 3. At present, specific jurisdiction may be asserted in cases where the injury alleged, here the copyright infringement, "arises out of *or relates to* " the defendant's activities directed at residents of the forum state. *Burger King,* 471 U.S. at 472–73 and n. 15, 105 S.Ct. 2182 and n. 15; *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. at 414 and n. 9, 104 S.Ct. at 1872 and n. 9 (emphasis supplied). Here, as indicated above, it may yet be that the claim does arise directly out of Nasco's conduct in Vermont. In any event, we view the standard stated in *Helicopteros Nacionales* and *Burger King* as somewhat broader than defendant states it and thus assert specific jurisdiction.

Third, even were we not convinced that Nasco falls within the specific jurisdiction of this Court, defendant would come within our general personal jurisdiction. *See Burger King,* 471 U.S. at 473, n. 15, 105 S.Ct. at 2182, n. 15; *Helicopteros Nacionales,* 466 U.S. 414, n. 9, 104 S.Ct. 1872, n. 9. Recognizing that "[t]he placement of a

product into the stream of commerce, without more, is not an act of defendant purposefully directed toward the forum state," *Asahi Metal Industry Co.*, 107 S.Ct. at 1033, here Nasco does much more than that. Through its catalogs Nasco "advertises [and] otherwise solicit[s] business" in Vermont. *Id.* By mail and telephone Nasco sells its wares directly to Vermont residents. Nasco carries on in Vermont a " 'continuous and systematic, but limited, part of its general business ....' " *Helicopteros Nacionales*, 466 U.S. at 415, 104 S.Ct. at 1872, quoting *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 438, 72 S.Ct. 413, 414, 96 L.Ed. 485 (1952). Although something less than the contacts described in *Helicopteros Nacionales* and *Perkins* may support an assertion of general jurisdiction over a foreign corporation, *Helicopteros Nacionales*, 466 U.S. at 421, 104 S.Ct. at 1875 (Brennan, J., dissenting), we find Nasco's contacts with Vermont to be continuous and systematic.

We believe that the Vermont state courts would concur in our assertion of jurisdiction.

The Vermont Supreme Court has held that "active planned participation in the Vermont market" is the key to personal jurisdiction. *Pasquale*, 136 Vt. at 421 [392 A.2d 395 ...] This participation may be direct or indirect. *O'Brien v. Comstock Foods, Inc.*, 123 Vt. 461, 464 [194 A.2d 568 ...] (1963) (Holden, J.). "The vital factor ... is the intentional and affirmative action on the part of the non-resident defendant in pursuit of its corporate purposes within this jurisdiction." *Id.* (discussing Vt.Stat.Ann. Tit. 12, § 855).

*Messier v. Whitestown Packing Corp.*, 544 F.Supp. at 11. Defendant's actions described above evince its significant participation in the Vermont market.

**B.** *Venue*

▮ Title 28 U.S.C. § 1400(a), the statute which determines where venue is proper for this action, provides:

Civil actions, suits or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

The cases are virtually legion which hold that for purposes of § 1400(a), a corporation is "found" in any district in which personal jurisdiction may be asserted over it. *See, e.g., Testa v. Janssen*, 482 F.Supp. 1195, 1197 (W.D.Pa.1980); *Mode Art Jewelers Co. v. Expansion Jewelery Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y.1976); *Boltons Trading Corp. v. Killian*, 320 F.Supp. 1182, 1183 (S.D.N.Y.1970); *Battle Creek Equipment Company v. Roberts Manufacturing Company*, 460 F.Supp. 18, 21–22 (W.D.Mich.1978). In light of our discussion of and conclusion regarding jurisdiction over the defendant, we conclude that venue is proper in the District of Vermont.

**C.** *Transfer*

▮ Defendant has moved, in the alternative, for a change of venue pursuant to either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Because we have found venue in the District of Vermont to be proper, § 1406(a) is inapplicable.

Section 1404 provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is clear that this action could have been brought in the Western District of Wisconsin. 28 U.S.C. § 1400(a). The decision whether or not to transfer a civil action for the convenience of parties and witnesses, in the interest of justice, is committed to the broad discretion of the trial court. *See, e.g., Cain v. New York State Bd. of Elections*, 630 F.Supp. 221, 226 (E.D.N.Y.1986). The factors to be considered by the Court include the convenience of the parties; the convenience of witnesses; the relative ease of access to sources of proof; and the interests of justice. *Id.* As the moving party, defendant has the burden of estab-

lishing that this action should be transferred. *Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Absent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored. *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 709, (S.D.N.Y.1983). "Where the balance of convenience is in equipoise, plaintiff's choice of forum should not be disturbed." *Id.*

Defendant bases its request for transfer on the fact that its witnesses and physical evidence are located in the vicinity of its place of business in the Western District of Wisconsin. It candidly notes that the choice of forum is plaintiff's right and should be disturbed only if the balance of convenience and justice weighs strongly in favor of transfer.

■ While there may be some hardship to defendant and any mid-western witnesses in defending this lawsuit in Vermont, a like hardship would confront plaintiff were he required to pursue his claim in Wisconsin. Because neither the relative inconvenience to the parties or witnesses, nor the interests of justice, weigh strongly in favor of transfer to another court, this Court will not disturb plaintiff's choice of forum.

In light of the foregoing discussion, defendant's motion to dismiss or alternatively to transfer to the Western District of Wisconsin, is DENIED.

SO ORDERED.