FINDLEY ADHESIVES, INC., a Delaware Corporation, Plaintiff,

v.

Michael J. WILLIAMS, an Individual, Defendant.

Civ. No. 90–531–FR.

United States District Court, D. Oregon.

Nov. 16, 1990.

Steven G. Ross, Greene & Markley, P.C., Portland, Or., for plaintiff.

Randolph C. Foster, Kenneth P. Childs, Stoel Rives Boley Jones & Grey, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion (# 5-2) of defendant, Michael J. Williams, to transfer venue from the United States District Court for the District of Oregon to the United States District Court for the Northern District of California.

## BACKGROUND

Plaintiff, Findley Adhesives, Inc. (Findley), is a Delaware corporation that sells glue and other adhesives. Findley has its principal place of business in Milwaukee, Wisconsin. Findley does not maintain an office in the State of Oregon, but services several sales accounts that are located in the State of Oregon. Williams is a resident of the State of California and has resided there continuously since approximately 1982.

Williams was employed by Findley as a salesman from on or about October 18, 1982 until on or about December 18, 1989. In conjunction with his employment by Findley, on or about October 18, 1982, Williams executed an Employee Secrecy Agreement, which provided that he would not disclose or use in competition with Findley any confidential information he acquired while he was employed by Findley.

Williams terminated his employment with Findley in December, 1989. Since then he has worked as an independent contractor, and in this capacity he has worked as a salesman for Pacific Adhesives Co. (Pacific), a California corporation with its principal place of business in Sacramento, California. Williams Affidavit, p. 2. Williams asserts that since he left Findley, he has solicited business, in the form of submitting bids, from two Findley customers located in the State of Oregon. Williams Affidavit, p. 3. He claims that contact in both these situations was initiated by the customers. Id. Williams communicated with these customers by telephone and letter and made several personal visits to their offices. Id. Williams asserts that he has not yet made any sales to customers of Findley who are located in the State of Oregon. Id.

Findley claims that Williams has solicited sales from at least ten companies located in the State of Oregon, including three customers of Findley. Plaintiff's Memo in Opposition, p. 2 (citing Williams Depo., 7:1–9:13; 10:11–12; 66:9–67:21). Findley asserts that as the Pacific Northwest representative for Pacific, Williams travels to the State of Oregon approximately once a month to service accounts. Plaintiff's Memo in Opposition, p. 3 (citing Williams Depo., 95:19–96:13). Finally, Findley asserts that Williams disclosed confidential information about Findley to Pacific and used that information to divert business from Findley, including accounts located in the State of Oregon. Plaintiff's Memo in Opposition, p. 4 (citing Williams Depo., 51:15–58-4; 96:14–97:14).

Findley filed an action against Williams for breach of contract, breach of the duty of loyalty, unfair competition, and injunctive relief in the Circuit Court of the State of Oregon for the County of Multnomah. Williams removed this action to federal court on the basis of diversity of citizenship.

## CONTENTIONS OF THE PARTIES

Williams seeks to transfer venue of this action pursuant to 28 U.S.C. § 1404(a) on the grounds that 1) Findley is a Delaware corporation that has minimal contacts with the State of Oregon; 2) the State of California has the most significant legal relationship to this case because Williams is a citizen of the State of California; and 3) the primary witnesses in this case all reside in the State of California.

Findley contends that venue for this action should not be transferred to the State of California because the inconvenience to the parties or witnesses that might result from requiring them to travel to the State of Oregon does not outweigh the consideration that should be given to the plaintiff's choice of forum.

## 186

### ANALYSIS AND RULING

Williams moves for a change of venue to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] The decision whether or not to transfer a civil action is committed to the broad discretion of the trial court. *Sollinger v. Nasco Int'l, Inc.*, 655 F.Supp. 1385, 1389 (D.Vt.1987). The moving party has the burden of establishing that the action should be transferred. *Id.* at 1389–90. Absent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored. *Sollinger, supra,* citing *Ayers v. Arabian Am. Oil Co.*, 571 F.Supp. 707, 709 (S.D.N.Y.1983). However, where the forum chosen is not the plaintiff's home forum, the plaintiff's choice of forum may be weighted less strongly in the balance. *Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 394 (S.D.N.Y.1975).

Under section 1404(a), the court will consider the convenience of the parties and the witnesses and the interests of justice in determining whether to transfer venue. Findley is a Delaware corporation. Findley does not maintain an office in the State of Oregon. Williams is a resident of the State of California. The customers that Findley alleges were diverted by Williams through his use of misappropriated, confidential information are located throughout the Northwest, but the majority of them are located in the State of California. Williams Deposition, 7:10–10:25. Pacific, the company which currently employs Williams and to which Williams allegedly disclosed confidential information, is a California corporation. The majority of the witnesses, including Williams, are residents of the State of California.

Two of the affirmative defenses asserted by Williams involve the interpretation of California law.[2] The interests of the State of Oregon in adjudicating this dispute are minimal because Findley is not an Oregon corporation, does not have its principal place of business in the State of Oregon, and does not maintain an office in the State of Oregon.

Based on these facts, the court finds that Williams has established his burden of proving that transferring this action to the United States District Court for the Northern District of California will be more convenient to the parties and the witnesses and that such a transfer serves the interests of justice.

### CONCLUSION

Williams' motion (# 5–2) for transfer of venue to the United States District Court for the Northern District of California is granted.

---

1. This action could have been brought in the United States District Court for the Northern District of California.

2. Williams asserts in his third and fourth affirmative defenses that the Employee Secrecy Agreement is unenforceable under California law.