**DART INTERNATIONAL, INC.,**
a Colorado corporation,
Plaintiff,

v.

**INTERACTIVE TARGET SYSTEMS,**
**INC., a Washington corporation,**
Defendant.

Civ. A. No. 94–B–1796.

United States District Court,
D. Colorado.

Feb. 28, 1995.

David F. Zinger, Robert R. Brunelli, Sheridan Ross & McIntosh, P.C., Denver, CO, for plaintiff.

Lisa Hogan, Patrick F. Carrigan, Brownstein Hyatt Farber & Strickland, P.C., Denver, CO, George B. Fox, N. Thane Bauz, Ramsey M. Al–Salam, Seed and Berry, Seattle, WA, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant Interactive Target Systems, Inc. (Interactive) moves to dismiss this action for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), for a change of venue based on improper forum under 28 U.S.C. § 1406, or for a transfer of venue for inconvenient forum under 28 U.S.C. § 1404. I find that Interactive does not have sufficient contacts with the state of Colorado to justify the exercise of personal jurisdiction in this district. Accordingly, I grant Interactive's motion to transfer venue to the Western District of Washington pursuant to 28 U.S.C. § 1406 where it appears that both jurisdiction and venue are proper. It is thus unnecessary to determine whether a transfer of venue is appropriate for inconvenient forum under 28 U.S.C. § 1404.

## I.

The following facts are not genuinely disputed. Dart International, Inc. (Dart) brings this patent infringement action against Interactive alleging that Interactive's make, use and sale of the Techno Hunt interactive video system (Techno Hunt system) infringes Dart's U.S. Patent No. 5,328,190 ('190 patent) in violation of 35 U.S.C. § 271. Complaint, ¶ 11. The '190 patent was issued on July 12, 1994. Id., ¶ 10. The Techno Hunt system is a video archery range system which simulates hunting scenes and is approximately ten feet by sixty feet in size. It is manufactured by Interactive in Washington. Reply Brief, pp. 5–6.

Dart is a Colorado corporation with its principle place of business in Englewood, Colorado. Dart's officers, directors and attorneys reside in Colorado except for one director who resides in California. Dart Affidavit, ¶ 4. The inventors of the '190 patent, Peter J. Dart and Howard F. Hall, and the patent attorneys who prosecuted the patent, Francis Sirr, Esq., and Earl Hancock, Esq., reside in Colorado. Id., ¶ 5. Dart's corporate documents, including those related to the intellectual property at issue are located in Colorado. Id., ¶ 4.

Interactive is a Washington corporation which is not qualified to do business in Colorado. Treat Affidavit, ¶ 3. Interactive does not maintain a branch office in Colorado nor does it have any bank accounts or other tangible personal or real property in Colorado. Id., ¶¶ 6, 8. All Interactive employees, directors and officers reside in either Washington or Oregon. Id., ¶¶ 4, 5.

Interactive markets its Techno Hunt system nationally in Archery Business Magazine and Aim Archery Industry Magazine. Response Brief, Exhibit A. These magazines are distributed in Colorado and carry a half page advertisement for the Techno Hunt system. The advertisement includes a 1–800 number for information about the Techno Hunt system. Id. As of August 10, 1994, approximately twenty-five phone calls were received from Colorado residents inquiring about the Techno Hunt System. No calls were received from Colorado residents between July 12, 1994 and August 10, 1994. Treat Affidavit, Exhibit 1.

The Techno Hunt system has not been sold in Colorado. A purchase option agreement was entered into with a Colorado resident on January 1, 1994. However, the sale was never finalized and the $3,500 deposit was returned in March 1994. Treat Affidavit, Exhibit 2.

## II.

Interactive claims it is entitled to dismissal because it has insufficient contacts in Colorado under C.R.S. § 13–1–124 or due process principles to justify the exercise of personal jurisdiction in the district of Colorado.

To determine whether a federal court has jurisdiction over a non-resident defendant, I look to the law of the forum state, Colorado. *Taylor v. Phelan,* 912 F.2d 429, 431 (10th Cir.1990), *cert. denied,* 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991). The burden of establishing personal jurisdiction over the defendant lies with the plaintiff. *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Allegations in the complaint, affidavits and other evidence may be sufficient to satisfy plaintiff's burden. *Alameda .Nat. Bank v. Kanchanapoom,* 752 F.Supp. 367, 369 (D.Colo.1990). Before trial, a plaintiff need only make a prima facie showing of jurisdiction. *Behagen,* 744 F.2d at 733. If the parties present conflicting affidavits, all factual disputes are to be resolved in the ˜plaintiff's favor, and plaintiff's prima facie showing is sufficient notwith-

standing the contrary presentation by the moving party. *Id.*

The determination of jurisdiction is a two part inquiry. First I must determine whether there is a basis for jurisdiction under Colorado's long-arm statute, C.R.S. § 13–1–124. Second, I must determine whether the exercise of jurisdiction violates principles of due process under the United States Constitution. *Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.,* 810 F.Supp. 285, 287 (D.Colo.1992). Colorado's long-arm statute subjects a defendant to personal jurisdiction for various enumerated acts including the commission of a tortious act in the state of Colorado. C.R.S. § 13–1–124(1)(b) (Supp.1994). Under Colorado law I may assert jurisdiction to the full extent permitted by the due process clause of the fourteenth amendment. *Safari Outfitters of Denver v. Superior Court,* 167 Colo. 456, 448 P.2d 783 (Colo.1968).

Due process principles require a defendant have sufficient minimum contacts with the forum state that maintenance of the suit will not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A plaintiff must show: 1) the defendant purposefully availed himself of the privilege of acting in the forum state or of causing consequences in that state; 2) the cause of action arises from the consequences in the forum state of the defendant's activities; and 3) a substantial connection exists between the defendant's activities and the forum state to make the exercise of jurisdiction reasonable. *Mr. Steak, Inc. v. District Court in and for the Second Judicial District,* 194 Colo. 519, 574 P.2d 95 (Colo.1978).

Dart asserts that Interactive has purposely availed itself of this forum by advertising in national magazines which reach Colorado, providing a 1–800 number to potential customers in Colorado, and executing, although not finalizing, a contract for the sale of the Techno Hunt system to a Colorado resident. Dart cites *Sollinger v. Nasco International, Inc.,* 655 F.Supp. 1385 (D.Vt. 1987), for the proposition that national adver-

tising directed at the forum state coupled with a transaction with a resident of that forum, even if not completed, is sufficient for the exercise of personal jurisdiction.

In *Sollinger*, the defendant sent its mail-order catalog advertising its products to potential customers in Vermont. The catalog advertised the "Holstein Stool" which plaintiff claimed violated its copyright. A Vermont resident ordered the stool but it was never shipped to or received by him. The *Sollinger* court found that these activities were sufficient to assert specific jurisdiction in the state of Vermont even though there was no sale of the stool in Vermont. *Id.* at 1388.

A manufacturer's mail-order catalog, however, is a distinct form of advertising. First, it is a multi-page marketing instrument which is designed by the manufacturer to facilitate sales. Second, it is a direct sales tool which presents a visual display of the product with intent that the potential customer will purchase it by telephone and receive it by mail. Third, the manufacturer controls where the catalog is sent and who receives it. Thus, marketing efforts can be specifically directed at particular regions which permits a manufacturer to avail itself of the most viable markets.

Here, however, Interactive's advertising is indirect. Interactive has no control over who ultimately receives the magazine. *See Fidelity and Casualty Co. v. Philadelphia Resins Corporation*, 766 F.2d 440, 443 (10th Cir. 1985). Moreover, in *Sollinger* the court found that the mail-order catalog created general jurisdiction over the defendant because it was a continuous and systematic solicitation of business in the state of Vermont. *Sollinger*, 655 F.Supp. at 1389. The advertising in this case does not constitute continuous and systematic solicitation of business in Colorado. And, it is significant that no evidence is proffered showing Interactive expected to be haled into a Colorado court based on this broad brush national advertising. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

The Tenth Circuit addressed non-targeted national advertisement and its relationship to personal jurisdiction in *Fidelity and Casualty Co. v. Philadelphia Resins Corporation*, 766 F.2d 440 (10th Cir.1985). There, plaintiff sued in Utah for damage caused to his equipment when cables manufactured by defendant broke. The cables were not purchased in Utah but had been brought into the state by an Arkansas resident. The plaintiff, however, asserted that personal jurisdiction was appropriate based on the defendant's advertisements for the cables in a national trade magazine which reached the forum state. The trade magazine was not directed at certain states but rather at specific professions or industries without regard to location. Some of these magazines reached Utah. There were no cable sales in Utah although a nominal amount of defendant's other products had been sold there.

The court determined that the presence of defendant's cables in Utah coupled with national advertising for the cables and the sale of unrelated products in Utah did not constitute substantial contacts related to the cause of action in the forum state. *Id.* at 447. The court's holding was based on a determination that defendant's advertising did not constitute a deliberate, direct or indirect, effort to serve the forum state's market. *Id.* at 446. Therefore, jurisdiction was lacking.

Plaintiff asserts that telephone calls made by Colorado residents to Interactive inquiring about the Techno Hunt system are sufficient to establish that Interactive purposefully availed itself of the Colorado market. In *Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir. (Utah) 1995), the Tenth Circuit affirmed the district court's denial of personal jurisdiction concluding that communications between defendants and the plaintiff in the forum state were insufficient to justify the exercise of personal jurisdiction. Plaintiff, a Utah resident, entered into a lease agreement with the defendants for development of geothermal resources on property owned by defendants in Nevada. Extensive negotiations took place in Nevada. The terms of the lease were later disputed and plaintiff filed a breach of contract action in Utah. Plaintiff asserted that personal jurisdiction was appropriate in Utah because telephone calls were exchanged with defen-

dants, five drafts of the lease were sent by defendants to plaintiffs, a dozen faxes were sent to plaintiff by defendants regarding changes to the lease, and defendants retained Robert Wright, a Utah resident, as a consultant and expert on geothermal resources. *Id.* at 1073.

Interpreting the Utah long-arm jurisdiction statute which, as does Colorado's statute, allows the exercise of jurisdiction to the full extent permitted by the due process clause, U.C.A. § 78–27–22, the Tenth Circuit held that these contacts failed to show defendants "took advantage of the market and laws of that jurisdiction." *Far West Capital,* 46 F.3d at 1074 (Distinguishing *Ealing v. Harrods Ltd.,* 790 F.2d 978 (1st. Cir.1986)). Although defendants benefitted in part by activities which occurred in Utah, the court emphasized that the focal point of the relationship was in Nevada. There was no indication that Utah would play any further role in the relationship between the parties. *Id.* Therefore, the quality and nature of the activities in the forum state were inadequate to justify personal jurisdiction. *Id.* at 1076. *See also, International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159–60, 90 L.Ed. 95 (1945).

The analysis in *Fidelity and Casualty Co.* and *Far West Capital, Inc.* applies here. Although Interactive advertises its system in national magazines which reach Colorado, Dart presents no evidence demonstrating that Interactive made deliberate efforts, either direct or indirect, to serve the Colorado market. The fact that these advertisements resulted in telephone inquiries about the Techno Hunt system, while not merely fortuitous, is insufficient to establish that Interactive took advantage of the Colorado market and its laws. The relationship between Dart and Interactive, if any, is indirect and derives solely through contacts between third parties in Colorado and Interactive. Moreover, no sales of the Techno Hunt system occurred in Colorado. Consequently, I find and conclude that Interactive's activities in Colorado are too tenuous to establish that it purposely availed itself of this forum.

■ Even assuming Interactive's national advertisements, use of the 1–800 number,

and attempted sale to the Colorado resident were adequate to establish purposeful availment of this forum, plaintiff fails to establish that the patent infringement arises from the consequences of these activities in Colorado. *See Mr. Steak, Inc.,* 194 Colo. at 522, 574 P.2d at 96. Pursuant to 35 U.S.C. § 271, the tort of patent infringement arises from the make, sale or use of the patented item. The situs of the patent infringement occurs where the offending act is committed. *North American Philips Corporation v. American Vending Sales,* 35 F.3d 1576 (Fed.Cir.1994). Thus, there must be an offending act in Colorado to justify personal jurisdiction.

■ Dart claims that Interactive violated § 271 by the attempted sale of its Techno Hunt system to a Colorado resident. The attempted sale, however, took place in January 1994, before the issuance of the '190 patent. The Supreme Court in *Gayler v. Wilder,* 51 (10 How.) U.S. 477, 13 L.Ed. 504 (1850), addressed the nature of an inventor's interest before the issuance of a patent:

> The inventor of a new and useful improvement certainly has no exclusive right to it, until he obtains a patent. This right is created by the patent, and no suit can be maintained by the inventor against any one for using it before the patent is issued. But the discoverer of a new and useful improvement is vested by law with an inchoate right to its exclusive use, which he may perfect and make absolute by proceeding in the manner which the law requires. *Id.* at (10 How.) 493.

Until July 12, 1994, Dart merely had an inchoate exclusive right to the technology now protected by the '190 patent. In January of 1994, when the attempted sale to the Colorado resident took place Dart had no right to sue for patent infringement because no patent had been granted. Furthermore, Interactive received no telephone calls from Colorado residents regarding the Techno Hunt system between July 12, 1994 and the filing of this lawsuit. Consequently, personal jurisdiction over Interactive is lacking under C.R.S. § 13–1–124(1)(b) because no tortious act was committed in Colorado.

Alternatively, Interactive requests transfer of venue under 28 U.S.C. § 1406. In a patent infringement case, venue is governed by 28 U.S.C. § 1400(b) which provides that venue is appropriate in the judicial district 1) where the defendant resides or 2) where the defendant has committed acts of infringement and has a regular and established place of business. Before 1988, a corporate defendant in a patent infringement action was deemed to reside only in the state of incorporation. *See Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). In 1988 as part of the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, tit. X, § 1013(a), 102 Stat. 4642, 4669 (1988), the general federal venue statute was amended. 28 U.S.C. § 1391. The amended § 1391(c) reads, "For purposes of this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). The chapter referenced includes § 1400(b).

Having determined that I lack personal jurisdiction over Interactive, it follows that venue is improper in this judicial district. Pursuant to 28 U.S.C. § 1406(a), I conclude that it would be in the interests of justice to transfer this case to the Western District of Washington where it appears that both venue and personal jurisdiction are proper under 28 U.S.C. § 1400(b).

Accordingly it is Ordered that:

1) Defendant's motion to dismiss for lack of personal jurisdiction is denied; and

2) Defendant's motion to transfer venue is granted.