**TOM AND SALLY'S HANDMADE CHOCOLATES, INC.,**
Plaintiff,

v.

**GASWORKS, INC., Defendant.**

No. 2:97–CV–113.

United States District Court,
D. Vermont.

Aug. 19, 1997.

H. Kenneth Merritt, Jr., Jane Osborne McKnight, Merritt & Merritt, Burlington, VT, for Plaintiff.

Peter Fuller Young, Miller, Eggleston & Cramer, Michael John Gannon, Affolter, Clapp & Gannon, Burlington, VT, for Defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiff Tom and Sally's Handmade Chocolates, Inc. ("Tom and Sally's") brings this action for trademark infringement under 15 U.S.C. § 1114 et seq. Defendant Gasworks, Inc. ("Gasworks") filed a Motion to Dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or alternatively, to transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

The following facts are assumed to be true for purposes of the pending motion. Tom and Sally's is a Vermont corporation based in

Brattleboro, Vermont, which has manufactured and distributed specialty chocolates and chocolate products since 1989. The company has a retail store and also manufactures products for sale at wholesale. Tom and Sally's exhibits its products at trade shows throughout the United States and also sells by mail order. Since May 11, 1993, Tom and Sally's has held the registered trademark No. 1,770,301, for "Chocolate Body Paint" chocolate sauce.

Defendant Gasworks is a corporation organized under the laws of the State of Florida, with its principal place of business in Ft. Lauderdale, Florida. The company distributes, through national trade shows and by mail order, a variety of novelty products and food items, most of which are sexually suggestive in nature. Gasworks recently began marketing its own "Chocolate Body Paint" and "Bebes Chocolate Body Paint" products.

Tom and Sally's alleges that Gasworks is infringing on its "Chocolate Body Paint" trademark by offering for sale an apparently identical product. It further alleges that Gasworks copied Tom and Sally's label design and packaging technique, and paraphrased its label directions.[1] Finally, the complaint alleges that Gasworks' paint is of inferior quality to Tom and Sally's product,[2] and that Tom and Sally's reputation and image will be tarnished by Gasworks' marketing of its allegedly inferior infringing product as part of an erotic product line.

Gasworks' total sales for the three year period from August, 1994 through April, 1997 were in excess of $2.5 million.[3] Sales in Vermont for this period were $982.57, although none of these sales included the Chocolate Body Paint.[4] At the present time, out of approximately 600 wholesale and mail order customers in the United States, two are located in Vermont. Approximately three mail order catalogs have been distributed to potential customers in Vermont.

In addition, sales of Gasworks' Chocolate Body Paint were made to a representative of Tom and Sally's in Vermont. In January, 1997, Kathryn Williams ("Williams"), a sales associate for Tom and Sally's, telephoned two of Gasworks' distributors, in New Jersey and California, and ordered six jars and 24 tubes of Gasworks' Chocolate Body Paint product. Shortly thereafter, she received the shipments from each company at her residential address in Vermont. Also in January, 1997, H. Kenneth Merritt, counsel for Tom and Sally's, telephoned Gasworks in Florida and, using a pseudonym, requested a 1996–97 mail order catalog. He received the catalog at his Vermont home shortly afterward.[5]

## DISCUSSION

### 1. Personal Jurisdiction

 In considering a motion to dismiss on jurisdictional grounds under Rule 12(b)(2), the Plaintiff's factual allegations are assumed to be true for purposes of the motion. *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (1990). However, the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court jurisdiction over the person of the defendant. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981); *Sol-*

---

1. Tom and Sally's jar of Chocolate Body Paint is sold with a gold metallic label, packaged in a box with a hand print design. Gasworks' product also features a gold label and hand print design. Both products are sold with a ½ inch wooden paint brush. Tom and Sally's label reads "DIRECTIONS: Heat to 98.6, apply liberally, and let your imagination run free ..." Gasworks' label reads "Warm slightly before use. Apply a thick coat, with a liberal imagination ... and let nature take its course!"

2. Tom and Sally's product is made with heavy cream and real French semisweet chocolate, while Defendants' product is made with vegeta-

ble fat, skimmed milk powder, and cocoa powder.

3. Gasworks is unable to compute the sales totals from 1989 to July 1994, as no computer records of sales were maintained during that period. Kevin Ward Bean, President of Gasworks, states upon his recollection that sales to Vermont were negligible during this period.

4. It is unclear, however, exactly when Chocolate Body Paint was introduced into the Gasworks' product line.

5. The catalog received by Merritt was in addition to the three catalogs sent to other Vermont customers.

linger v. Nasco Int'l., Inc., 655 F.Supp. 1385, 1386 (D.Vt.1987). Where, as here, there has been limited discovery and the motion is being decided without an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdiction, through its own affidavits and supporting materials. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d at 904.

To decide whether this Court has jurisdiction over the Defendant on the facts presented here, the Court must look first to the state long arm statute which provides for jurisdiction over out-of-state citizens. *Braman v. Mary Hitchcock Memorial Hosp.*, 631 F.2d 6, 7–8 (2d Cir.1980); *Northern Aircraft, Inc. v. Reed*, 154 Vt. 36, 40, 572 A.2d 1382 (1990). If the Vermont statute indicates that jurisdiction is proper, the Court must then determine whether the exercise of the state's long arm statute offends due process. *Braman*, 631 F.2d at 7; *Northern Aircraft*, 154 Vt. at 40, 572 A.2d at 1385.

The relevant Vermont long arm statute, Vt. Stat. Ann. tit. 12 § 913(b) (1971) provides:

> Upon the service [of process on a party outside the state], and if it appears that the contact with the state by the party or the activity in the state by the party or the contact or activity imputable to him is sufficient to support a personal judgment against him, the same proceedings may be had for a personal judgment against him as if the process or pleading had been served on him in the state.

Vt. Stat. Ann. tit. 12 § 913(b).

The Vermont Supreme Court has held that this language allows a Vermont court to exercise jurisdiction over defendants to the "full extent permitted by the due process clause." *Northern Aircraft*, 154 Vt. at 40, 572 A.2d at 1386. Therefore, this Court must now determine whether due process permits a Vermont court to exercise jurisdiction over Gasworks on these facts.

Due process requires that a nonresident defendant not be subject to the binding judgments of a forum with which it has had no significant contacts. *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985). The "constitutional touchstone" to determine whether an exercise of personal jurisdiction comports with due process remains whether the defendant has purposefully established "minimum contacts" in the forum state. *Id.* at 474, 105 S.Ct. at 2183 (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). Minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Id.* at 475, 105 S.Ct. at 2183; *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). The minimum contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Even if minimum contacts exist, a Court must determine that an assertion of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Burger King*, 471 U.S. at 478, 105 S.Ct. at 2185 (citing *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158). In making this determination, the Court must consider such factors as: 1) the burden on the defendant in litigating in an out-of-state forum; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in securing convenient and effective relief; 4) the interstate judicial system's interest in obtaining convenient and effective relief; and 5) the shared interest of the states in furthering substantive social policies. *World–Wide Volkswagen*, 444 U.S. at 292–94, 100 S.Ct. at 564–66.

Applying this framework to the facts of the present case, the Court finds that Gasworks' contacts with Vermont are sufficient to subject it to the Court's jurisdiction. Four mail order catalogs, designed to advertise and solicit sales of products by providing a toll-free telephone number for prospective customers, have been distributed in Vermont by the company. Out of 600 customers who

presently buy merchandise at wholesale from the company's product line, two are located in Vermont. Sales in Vermont from August 1994 through April 1997 totaled $982.57. Although figures for the five year period from 1989 through July 1994 cannot be computed, Gasworks admits to some (albeit negligible) sales in Vermont during this time. The Court finds these facts establish sufficient acts "by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183.

Gasworks argues that it has no office, warehouse, employees, agents, telephone listings or bank accounts in Vermont. However, "mere absence of physical presence in the state cannot defeat jurisdiction." *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184. "In many commercial transactions, the parties' business relationship is conducted entirely through mail, telephone and facsimile, thus, 'obviating the need for physical presence within a State in which business is conducted.'" *Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp.,* 921 F.Supp. 1206, 1210 (D.Vt.1996) (quoting *Burger King,* at 476, 105 S.Ct. at 2184).

Next, Gasworks argues that none of the sales to customers in Vermont included the allegedly infringing Chocolate Body Paint, and therefore, should not be considered contacts sufficient to invoke jurisdiction on the Body Paint trademark action. However, it is not clear exactly when Chocolate Body Paint was introduced into the company's product line. The product appears in Gasworks' 1996–1997 catalog. Thus, beginning in 1996 (or earlier), the product was available to customers in Vermont, and was included in mail order catalogs sent to Vermont. Gasworks clearly expects to sell all of its products, including the Chocolate Body Paint, to Vermont customers, and Vermont thus has an interest in adjudicating disputes which concern Gasworks' business. *Sollinger,* 655 F.Supp. at 1388.

In addition, there is evidence that Williams purchased Gasworks' Chocolate Body Paint from New Jersey and California, and received it in the forum state. Gasworks argues that this Body Paint was purchased from independent distributors, and cannot be attributed to Gasworks because Gasworks could not foresee that the distributors would sell products to Vermont. It is true that without additional discovery revealing the nature of the relationship between Gasworks and its distributors, it is impossible for the Court to determine whether Gasworks could have foreseen that some of its products might be sold by the distributors to Vermont. However, the question is irrelevant, as the Court has found that minimum contacts have been established by other sales described above together with the general invitation of business by Gasworks to Vermont through their distribution of catalogs within the State.

Finally, the Court finds the Defendant to have sufficient minimum contacts with Vermont such that traditional notions of fair play and substantial justice are not offended by the exercise of jurisdiction. *Burger King,* 471 U.S. at 478, 105 S.Ct. at 2185. As discussed below in relation to Defendant's request to transfer, the Court finds that the burden of litigating in an out of state forum would be no more for the Defendant than it would be for Tom and Sally's if the litigation were in Florida. As sufficient minimum contacts have taken place between Gasworks and the forum state, Vermont has an interest in adjudicating disputes which concern Gasworks' business. Accordingly, the Court's assertion of personal jurisdiction stands.

### 2. *Transfer*

 Defendant has moved, in the alternative, for a change of venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).[6] The decision whether or not to transfer a civil action is committed to the broad discretion of the trial court. *Cain v. New York State Bd. of Elections,* 630 F.Supp. 221, 226 (E.D.N.Y.1986). The factors to be considered by the Court include the conve-

---

**6.** 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**302**

nience of the parties; the convenience of witnesses; the relative ease of access to sources of proof; and the interests of justice. *Id.* at 226. As the moving party, Gasworks has the burden of establishing that this action should be transferred. *Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Absent a clear and convincing showing that the balance of convenience strongly favors an alternate forum, discretionary transfers are not favored. *Ayers v. Arabian American Oil Co.,* 571 F.Supp. 707, 709, (S.D.N.Y.1983).

■ Gasworks bases its motion to transfer on the fact that its witnesses and physical evidence are located in South Florida. While it is true that there may be some hardship to Gasworks and any witnesses based in the southern United States, a similar hardship would confront Tom and Sally's if it were required to pursue its claim in Florida. The manufacturers of the allegedly infringing Body Paint, who are located in London, England, could as easily fly to Burlington, Vermont as they could to Miami or Ft. Lauderdale, Florida. Because neither the relative inconvenience to the parties or witnesses nor the interests of justice weigh strongly in favor of transfer to another court, the Court concludes that venue is proper in the District of Vermont.

3. *Conclusion*

Gasworks' Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer, (Paper 7) is DENIED.